IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Avana Williams,[1] ) | Civil Action No.: 8:13-2930-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin, ) | |
| Acting Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Avana Williams ("the plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. On February 2, 2015, the magistrate judge issued a Report and Recommendation affirming the Commissioner's decision.  (ECF No. 24.)  The plaintiff filed Objections on February 20, 2015 (ECF No. 25), and on February 27, 2015, the Commissioner filed a Reply (ECF No. 26).  For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1] On April 28, 2014, pursuant to a text order (ECF No. 16) granting plaintiff's motion to amend caption (ECF No. 14), the caption was amended to list Avana Williams, who was a minor at the time the application and subsequently the complaint were filed, as the only named plaintiff.

**FACTUAL AND PROCEDURAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. An application for SSA was protectively filed on behalf of the plaintiff, who was then a child under the age of 18. (R. at 167-74.) The plaintiff's application was denied initially and on reconsideration. (R. at 108-11, 118-19.) A hearing was held before an ALJ who issued an unfavorable decision dated June 4, 2012, finding that the plaintiff was not disabled within the meaning of the Act. (R. at 18-42.) The Appeals Council denied the plaintiff's request for review (R. at 1-5), making the ALJ's decision the final decision of the Commissioner. The plaintiff subsequently filed an action in this Court on October 25, 2013 (ECF No. 1).

**REPORT AND RECOMMENDATION**

The magistrate judge recommends affirming the ALJ's decision. (ECF No. 24 at 32.) The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are

2

addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g., Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court

disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## DISCUSSION

The plaintiff filed objections to the Report and Recommendation ("Objections") on February 20, 2015 (ECF No. 25), and the Commissioner filed a reply on February 27, 2015 (ECF No. 26). The plaintiff objects to the magistrate judge's recommendation concerning the weight given to the opinion of Dr. Carol Pinner, the plaintiff's treating physician, and the magistrate judge's rejection of Dr. Benjamin Pinner's opinion as new evidence. The Court will consider each specific objection in turn.[2]

The plaintiff first argues the magistrate judge wrongly affirmed the basis for the ALJ's decision not to give controlling weight to certain portions of the opinions of Dr. Carroll Pinner. The plaintiff again recounts all the portions of Dr. Pinner's records, which support the doctor's disability opinion concerning the plaintiff, arguing that the magistrate judge ignored the intermittent quality of the condition. But, as the plaintiff must admit, the

---

[2] As always, the Court says only what is necessary to address such objections against the already meaningful backdrop of a thorough Report of the magistrate judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

magistrate judge did not ignore the relevant medical record. (Pl. Obj. at 2; R&R at 24-26.) The exercise is always one in distinguishing between notes that may be supportive and those that are not. It is uncommon that a consistent treatment record and disability opinion exist. The undersigned does not believe that the ALJ or the magistrate judge misunderstood the intermittent quality of the plaintiff's condition. So many impairments are – intermittent. By definition, the disability determination is, in a sense, a kind of assessment as to whether the degree of intermittentness of the impairment precludes disability or not. There are good days and bad days for claimants. In this case, the ALJ explained at length why the overall story of the medical evidence amounted to an intermittentness not indicative of disability and the magistrate judge. *See id.*

The plaintiff has well made her case with evidentiary support to Dr. Pinner's records. But, as always, the fact that the plaintiff can produce conflicting evidence which might have resulted in a contrary interpretation does not establish that the ALJ lacked substantial evidence to conclude as he did. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As the magistrate judge found, the ALJ cited sufficient reason to give controlling weight to the specific opinions of Dr. Pinner that he did.

The undersigned hears the attempted point, however. The plaintiff would complain that the ALJ cannot hide a decision to ignore certain opinions by giving the overall opinion controlling weight but then not explaining those portions rejected. But, that is not what occurred. The plaintiff cites as much. (Pl. Brief at 30.) Rather, the ALJ found inconsistencies in Dr. Pinner's own notes: "[H]is opinions regarding the claimant's work-related limitations are given little weight because they are inconsistent with his own records and the medical evidence as a whole. On the other hand, significant and controlling

5

weight is afforded to Dr. Pinner's treatment notes from December 2011 where assessed obesity as the only other new diagnosis." (R. at 39-40.) It cannot be argued, therefore, that the ALJ gave controlling weight to Dr. Pinner's opinions, generally, in a way that allowed him to somehow obscure rejection of certain other portions of the opinion. The ALJ explained why he accepted some and not all. There is no error.

Lastly, the plaintiff contends that the magistrate judge erred with respect to whether Dr. Benjamin Pinner's opinion constitutes new and material evidence, under *Wilkins v. Sec'y of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). The plaintiff proposes to catch the magistrate judge in an oversight by emphasizing the following sentence of the recommendation: "The Court has failed to discern a basis for remanding this case for further fact finding because the new evidence is not new or material as defined by *Wilkins* and was, in fact, available and considered by the ALJ in her decision." (R&R at 31.) But, the plaintiff is happy to remind the obvious that " the ALJ's listing analysis was not made with the benefit of Dr. Benjamin's Pinner's opinions since Dr. Benjamin Pinner did not provide an opinion while the case was pending before the ALJ!" (Pl. Obj. at 7.)

Admittedly, the sentence itself is confusing, when read in a vacuum. Luckily, it exists in the middle of a context that is readily clarifying. The magistrate judge meant simply that the substance of Dr. B. Pinner's opinion had already been considered by the ALJ, thus, the magistrate judge's reference to the *Wilkins* standard, which states: Evidence is new "if it is not duplicative or cumulative." *Wilkins*, 953 F.2d at 96. The magistrate judge then proceeded to demonstrate how Dr. B. Pinner's opinion was, indeed, duplicative of other evidence already before the ALJ but rejected in preference for other substantial evidence. (R. at 31.)

6

The magistrate judge made no misstatement of fact concerning the availability of Dr. B. Pinnner's opinion that would persuade the Court's reversal. The magistrate judge's analysis of the allegedly new evidence under applicable law was thorough and correct.

## **CONCLUSION**

The Court has carefully reviewed the record, including the findings of the ALJ, the plaintiff's objections to the Report and Recommendation, and the defendant's reply. The Court concurs in the recommendation of the Magistrate Judge and thus adopts the Report and Recommendation and incorporates it herein by reference to the extent it is consistent with this order. The decision of the Commissioner to deny benefits is AFFIRMED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 16, 2015
Greenville, South Carolina